# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

PAMELA MARIE ANDERSON        CASE NO.  2:23-CV-00843

VERSUS        JUDGE JAMES D. CAIN, JR.

ACE AMERICAN INSURANCE CO ET AL   MAGISTRATE JUDGE LEBLANC

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 56] filed by plaintiff Pamela Anderson. Defendants oppose the motion. Doc. 70.

## I.
### BACKGROUND

This suit arises from a car accident that occurred on July 23, 2022, in Vernon Parish, Louisiana. Plaintiff alleges that her car was struck by a car driven by Blanche Mae Bell when the latter entered a traffic circle without obeying the yield sign. Doc. 1, att. 1, p. 37. As a result, the front of Bell's car allegedly impacted the right side of plaintiff's vehicle, causing injury to plaintiff. *Id.* Plaintiff filed suit against Bell, her insurer Ace American Insurance Company ("Ace"), and State Farm Mutual Automobile Insurance Company ("State Farm"), which provided UM benefits to plaintiff, in state court. She subsequently amended her suit to add Bell's employer, Signify Health LLC ("Signify"), and Signify's insurer, Cincinnati Insurance Company ("CIC"). *Id.*; doc. 46.

Ace removed the suit to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Plaintiff filed a motion for partial summary judgment on the issue of Bell's

liability. Doc. 56. One week later, plaintiff entered into a settlement agreement with Ace. Docs. 60, 65. Signify Health took over Bell's defense. *See* docs. 60, 67. Signify, CIC, and Bell then filed an opposition to the motion. Doc. 70. In response plaintiff moved to strike a paragraph of the affidavit provided by Bell and the drawing attached thereto. Doc. 71. Bell, Signify, and CIC oppose this motion. Doc. 74.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

#### A. Motion to Strike

Plaintiff moves to strike a paragraph from Bell's affidavit and the drawing attached thereto, on the grounds that these conflict with the description of the vehicle position that she provided and illustrated in her sworn deposition. Doc. 71. At her deposition, taken on September 27, 2024, Bell stated that she was generally familiar with Highways 28 and 171, the roads feeding into the roundabout, and recalled that she was approaching it from Leesville, headed to Anacoco on Highway 171. Doc. 71, att. 2, pp. 42–43. Examining an aerial photograph of the roundabout, marked as Exhibit 7 to the deposition, she stated that she was in the right lane waiting to enter and intending to get off at the next exit. *Id.* at 47–49. She further maintained that the plaintiff was in the left, interior lane and that she was on her phone. *Id.* at 49. Bell stated that she was waiting for a truck to pass in the right lane of the traffic circle and entered just as plaintiff cut over to the right lane, causing the collision. *Id.* at 50–52. Bell marked where the impact occurred on the photograph. *Id.* at 50–52, 111.

In opposition to plaintiff's motion for partial summary judgment, Bell provided an affidavit signed on September 27, 2024, and made markings on a different aerial photograph of the roundabout. Doc. 70, att. 1. Here she also drew a line purportedly describing plaintiff's lane change before the accident. *Id.* at 3. As plaintiff notes, the illustration attached to the deposition (below at left) shows plaintiff entering the right lane as the traffic circle converts from one lane to two. The illustration attached to the affidavit (at right), however, shows plaintiff changing lanes later and crossing the solid white line.



Plaintiff maintains that the latter illustration and the portion of the affidavit supporting it must be stricken because they conflict with Bell's sworn testimony. Defendants argue that (1) it is not clear who drew the line marking plaintiff's path on the diagram used at the deposition or what exactly it indicates, and plaintiff never adopted it as her own; and at any rate (2) the diagrams are generally consistent, and Bell never indicated that the markings were exact. Doc. 74.

Under the sham affidavit doctrine, "[i]t is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *Sabre Indus. Inc. v. Module X Solutions, LLC*, 845 F. App'x 293, 297 (5th Cir. 2021) (quoting *SWS Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996)). "However, not every discrepancy in an affidavit justifies disregarding it" and "the bar for applying the doctrine is a high one, typically requiring affidavit testimony that is 'inherently inconsistent' with prior testimony." *Seigler v. Wal-Mart Stores Tex., LLC*, 30 F.4th 472, 477 (5th Cir. 2022) (quoting *Winzer v. Kaufman Cnty.*, 916 F.3d 464, 472 (5th Cir. 2019)); *see also Clark v. Resistoflex Co.*, 854 F.2d 762, 766 (5th Cir. 1988) (affidavit must be "so markedly inconsistent with the affiant's prior deposition as to constitute an obvious sham.").

As plaintiff notes, the pictures show a plain discrepancy as to when plaintiff allegedly changed lanes based on Bell's perception. In the deposition Bell testified that plaintiff cut over from the left lane to the right before the impact. Doc. 71, att. 2, p. 55. However, she drew "a darkened circle" to mark where the impact was in the first photograph. *Id.* at 54. This location is just before the circle converts from one-lane to two. In the photograph attached to the affidavit, Bell attempts to show plaintiff changing lanes over the solid white line and then somehow reversing to the accident site. There is no feasible explanation for this discrepancy or, indeed, for this account of plaintiff's path. Accordingly, the court will disregard Paragraph 6 of Bell's affidavit and the attached photograph.

**B. Motion for Partial Summary Judgment**

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that "[p]referential right of way at an intersection may be indicated by stop signs or yield signs" and that "[t]he driver . . . of a vehicle approaching a yield sign shall slow down to a reasonable speed for the existing conditions, or shall stop if necessary, before entering" and "yield the right-of-way . . . to any vehicle in the intersection or approaching on another highway so closely as to constitute an immediate hazard." La. Rev. Stat. § 32:123(A), (D).

Approaching the roundabout, Bell had a yield sign. *See* doc. 70, att. 1, ¶ 3. She testified that she saw plaintiff's vehicle approaching from the left, in the spot where the roundabout is one lane. Doc. 71, att. 2, p. 51; *see id.* at 112. She maintains that she entered the roundabout and only hit plaintiff because plaintiff attempted to cut over from the left to the right lane. But her own illustrations show that the impact occurred before the road converted to two lanes, at the point where plaintiff had the option of choosing which of the upcoming lanes to enter and Bell was still obliged to yield to her. This version of the accident is supported in the accounts provided by plaintiff and eyewitness James Hamilton, who was stopped at the yield sign to the traffic circle when the accident occurred. Doc. 56, att. 3, pp. 15–20; doc. 56, att. 4. Defendants fail to show how plaintiff violated any standard of care in her behavior.[1] Accordingly, Bell's negligence was the sole cause of the accident.

---

[1] Bell repeatedly testified that plaintiff was talking on her cell phone, maintaining that this accounted for her distracted driving. Doc. 71, att. 2, pp. 54–58. Plaintiff disputed this and provided her cell phone number at the deposition. Doc. 56, att. 3, p. 18. At any rate, there is no competent evidence showing that plaintiff committed any error in her driving.

Plaintiff also seeks summary judgment to the extent that Signify was vicariously liable for Bell's negligence. Under Louisiana law, an employer is answerable for the damages caused by employees in the exercise of the functions for which they are employed. La. Civ. Code art. 2320. Bell testified that she was a nurse practitioner formally employed by Staff Care, a Texas company, but contracted through Signify and other agencies to provide home wellness visits to patients. Doc. 71, att. 2, pp. 13–16, 34–35. At the time of the accident she was driving to one such appointment in Anacoco, Louisiana. *See id.* at 42–43. Signify admitted that Bell was acting in the course and scope of her employment with Signify when the accident occurred. Doc. 56, att. 5, pp. 2–3. There is thus no dispute as to Signify's vicarious liability for this accident.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 56] and Motion to Strike [doc. 71] will be **GRANTED** and the court will enter judgment for plaintiff as to Bell's sole liability for the motor vehicle accident occurring on July 23, 2022, and Signify's vicarious liability for Bell's actions.

**THUS DONE AND SIGNED** in Chambers on the 30th day of October, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**